BURNETT *et al. v.* STOKELY *et al.*

(*Knoxville*, September Term, 1943.)

Opinion filed July 1, 1944.

BEN W. HOOPER and CHAS. C. McNABB, both of Newport, for plaintiffs-appellants.

CRAWFORD & HURD, of Newport, and R. R. KRAMER, of Knoxville, for defendants-appellees.

MR. JUSTICE CHAMBLISS deliveréd the opinion of the Court.

Following an election contest growing out of a special election for Justice of the Peace held on July 20, 1943, in which the parties to this case here involved were candidates, and in which the defendants received a majority of the votes cast on the face of the returns, and were issued certificates of election by the Election Commissioners for the County, the petition in this case was filed contesting the election on various grounds.

It appears that on the day the vote was canvassed and announced, being the 26th day of July, the contestants served notice on the Election Commissioners of their intention to contest the election, and also served notice upon the defendant contestees of this intention.

Thereafter, on the first day of September, 1943, the petition herein was filed in the County Court of Cocke County and process was served on the defendants on September 4th.

On September 21st following, the contestees filed in the County Court of Cocke County motions to dismiss the petition and on the same day an order was entered by the Chairman of the County Court declaring his incompetency and transferring the case to the Circuit Court in conformity with the statute. On the 12th day of October, an order was entered by the Circuit Judge of Cocke County setting a motion for hearing on November 5th. On that day, the contestees obtained leave to amend their motions to dismiss and thereupon the motions came on to be heard before the Honorable TAYLOR H. Cox,

Circuit Judge of Knox County, sitting by interchange with Honorable GEORGE R. SHEPHERD, regular Judge of the Second Judicial Circuit.

On the 20th day of December, 1943, Judge Cox entered an order sustaining a motion and dismissing the cause. The motion to dismiss was upon the ground that the Court was without jurisdiction, for the reasons thus specified in the motion which we quote:

"Comes the defendant, Estel Stokely, and moves the Court to dismiss the contest petition filed against him in the above-styled cause seeking to contest his election as Justice of the Peace for the First Civil District of Cocke County, Tennessee, at the special election held in said District on July 20, 1943, because it appears from the face of said petition that said election was held on July 20, 1943, and that the returns of said election were duly and regularly canvassed and certified by the Commissioners of Elections for Cocke County, Tennessee, on July 26, 1943. The averred notice of intention to contest is alleged to have been given on July 26, 1943. The statute requires any contest filed to contest an election involving the office of Justice of the Peace 'shall be made returnable to and answerable at the next succeeding term of' the County Court. In order to invoke the jurisdiction of this honorable Court, said petition was required to be filed so as to be returnable to and answerable at the term of the County Court of Cocke County convening on the first Monday of August, 1943, or at least to some other Monday of said month; whereas, it appears that said contest petition was filed September 1, 1943, returnable to the second Monday of September, 1943."

The learned trial Judge, in a memorandum filed with the record, construes the governing statutes, Code, Sections 2118 and 2119, to require that contesting petitions shall

be filed at the "next succeeding term after the election," which in the instant case would have been at the August term of the County Court, and that the petition, not having been filed until the first day of September and necessarily not returnable until in that term of the Court, came too late. It is the insistence of the appellant that the petition filed on September 1, 1943, and made returnable to the second Monday of September met the requirements of the statute, while the contention of the appellees is that it should have been returned "to the Court convening on the first Monday of August, 1943, or at least to some other Monday of said month."

Looking to the governing statute brought into the Code in Sections 2118 and 2119, we find that these sections are a codification of Chapter No. 5, Public Acts of 1925, which substituted the procedure therein set out for contesting elections of Justices of the Peace for Sections 895 to 899, inclusive, of the Code of 1858.

It is a matter of judicial history that some confusion had existed as to this particular procedure, and also there had been a change from the Sheriff to the Board of Election Commissioners in the matter of authority to conduct such elections. Under the old system notice was required to be given to the Sheriff of an intention to contest an election before he submitted to the Governor the result of his canvass of the returns. This led to a judicial construction of this requirement, so as to give the contestant all of the day on which the returns were canvassed and the result reached by the Sheriff within which to give the notice.

The Pub. Act of 1925, amending the Code provisions, substituted Section 895, being the second section of the Act, by providing that any candidate intending to con-

test the election shall notify the Commissioners of Elections of the County of his intention; "provided, however, that the commissioners of elections in such case shall not withhold the returns from the Governor or Secretary of State, but shall issue a certificate of election to the candidate entitled to same on the face of the returns, and shall so certify to the Governor and Secretary of State, and the candidate in whose favor such certificate is issued shall be entitled to his commission as Justice-of-the-Peace, and shall have the right to hold office pending the termination of any contest filed."

By this *proviso,* the necessity was done away with which had theretofore called for the immediate institution of proceedings to contest an election, because of the inconvenience and embarrassment of public service that resulted under the old system from the institution and prosecution of a contest for the office, which, under the existing law, left a vacancy pending the contest. It will be seen that this *proviso* confers upon the party elected upon the face of the returns, to whom a certificate of election has been issued, "the right to hold office pending the termination of any contest filed." So that, while it is still desirable that such contests for office shall be proceeded with without delay, for obvious reasons the necessity for immediate action is no longer so imperative as before the passage of this Act.

With this distinction in conditions in mind, we come to consider the section of the Act brought into the Code as section 2119, under the subhead Notice, construction of which is called for, reading as follows: "The contestant shall give five days' notice to the opposing candidate or candidates that it is his intention to contest the elec-

tion; and any contest filed shall be made returnable to and answerable at the next succeeding term of court.''

■ This election having been held on July 20, 1943, the trial judge was of opinion that the section of the Code just quoted required that a contest of such election must be made returnable to and answerable at the next succeeding term of court, to-wit, the August, 1943, term.

If it were not obvious that the Legislature had in mind only contests arising out of the regular election held on the first Thursday of August, we would agree with the conclusion of the circuit judge. It is rather plain that the lawmakers took no thought of special elections authorized to fill vacancies in the office of justice of the peace by Section 678 of the Code.

As much as twenty-five days will always elapse between the first Thursday in August and the first Monday in September. All county courts held by the county judge have a term beginning on the first Monday of each month. Code, Section 10222. Justices of the peace are elected for a term of six years on the first Thursday in August. Code, Section 1915.

It is not conceivable that the lawmakers intended to discriminate between contestants of elections for justices of the peace in general elections and special elections. Any such discrimination would make it difficult to sustain the Act. Inasmuch as the statute does not require the institution of a contest of a regular election returnable to a term of court beginning less than twenty-five days after the election, we think no shorter limitation can be put upon the contestant of a special election for the office of justice of the peace.

This suit was filed on September 1, 1943, process served on defendant on September 4, and on September 21 de-

fendants entered an appearance. For the reasons stated, we think this suit was not instituted too late. The August term of the county court followed the special election too shortly to allow the contestant to make his contest returnable to that term.

Reverse and remand for further proceedings, in accordance with this opinion.